[No. 5446.]
[No. 3115 C. A.]

COULTER v. HAMILTON ET AL.

1. Appellate Practice—Bill of Exceptions—Preserved by Affidavit—Notice—Necessity.

Under Mills' Ann. Code, § 385, providing that when a judge refuses to sign a bill of exceptions, and it is sought to preserve it by affidavits, the opposite party shall have timely notice thereof, a bill so preserved will not be considered by the appellate court unless it appears that such notice was served.— P. 169.

2. Appellate Practice—Insufficient Bill of Exceptions—Affirmance.

Where there is no proper bill of exceptions, and the assignments of error do not relate to matters determinable from an inspection of the record proper, the judgment will be affirmed. —P. 169.

*Error to the County Court of Routt County.*
*Hon. Chas. W. Burnham, Judge.*

Action by Fred and James Hamilton against H. J. Coulter. From a judgment for plaintiffs, defendant brings error. *Affirmed.*

Mr. JOHN A. COULTER and Messrs. MORRISON & DE SOTO, for plaintiff in error.

Mr. WELLS B. McCLELLAND, for defendants in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

A judgment was rendered in the county court of Routt county against H. J. Coulter, and within the time fixed by the court for filing a bill of exceptions a bill was tendered to the county judge, who declined to sign it upon the ground that the statement contained in the bill that it contained all the evidence offered was not correct. Thereafter the defendant sought to preserve a bill of exceptions by the affida-

vits of two disinterested persons who were present at the trial of the cause. Section 385 of the civil code authorizes the proving and attesting of a bill of exceptions when the judge neglects or refuses to sign and seal such bill. It also provides that when it is sought to preserve a bill of exceptions by affidavits, "the opposite party shall have timely notice thereof, and may, within a reasonable time thereafter file counter affidavits, and the supreme court shall, upon notice and such proof as may be necessary, determine and settle what is the true bill in that behalf." We cannot consider the bill presented, however, because it does not appear that notice was served upon the opposite party, as required by the code. There appears attached to the bill a notice addressed to the attorney for the plaintiff stating that the bill had been prepared and that the affidavits had been filed, but there is no proof that such notice was ever served. As there is no proper bill before us, and as the assignments of error do not relate to matters which can be determined from an inspection of the record proper, the judgment is affirmed.                                         *Affirmed.*

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.